## UNITED STATES v. ENG SUAK LUN.
### No. 865.

Circuit Court of Appeals, Tenth Circuit.

Oct. 19, 1933.

S. M. Brewster, U. S. Atty., and Erskine Wyman, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Louis R. Gates, of Kansas City, Kan., for appellee.

Before PHILLIPS, and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

A complaint was filed before a United States Commissioner against Lun charging that he was an alien and citizen of China, that he had been convicted under subdivision (c), section 2, Act Feb. 9, 1909 as amended by section 1 of Act of May 26, 1922 (21 USCA § 174), and that he was a Chinese laborer in the United States in violation of the Act of April 27, 1904 (33 Stat. 428, 8 USCA § 263). After a hearing the Commissioner made an order of deportation. Lun appealed to the District Court of the United States for the District of Kansas where a trial was had de novo.

At the trial the Government established that Lun was of Chinese descent, a laundry worker, and that he had been convicted as alleged. It also introduced evidence of a statement made by Lun to an immigration officer, wherein Lun stated that his uncle told him that he was born in San Francisco; that he was about twenty-nine years of age; that his father's name was Eng Kim, and his mother's name was Lee Shee; that they died in San Francisco in 1904 and 1905 respectively; that he had no brothers or sisters; that his parents returned to China when he was a baby, and that he was reared by a man who claimed to be his uncle; that he lived with his uncle in San Francisco until he was eleven years of age; that he then went with his uncle to New York City; that his uncle ran a laundry in New York City until about eleven years ago, when the latter returned to China; that Lun then ran a laundry of his own; that he did not know his uncle's San Francisco or New York addresses; that he did not know his uncle's wife; that he never went to school; and that he knew of no one who could testify that he was born in the United States.

Lun testified that one Eng Noon Ming picked him up when he was very young, took him to New York, and made him work in a laundry; that Ming told him he was his uncle; that Lun did not really know whether Ming was his uncle; that Ming told him his mother's name was Lee Shee and his father's name was Eng Kan; that he was born in San Francisco; that his statement that he was there born was based wholly on a declaration made to him to that effect by Ming, and that his sole knowledge that Ming was his uncle was Ming's statement; that he had never been on a boat; that he never went to school; that because Ming mistreated him, he ran away and went to Newark, New Jersey; that

he did not know any Chinese or white people living in Newark, New York City, or San Francisco; that he lived on Mulberry Street in Newark, in the Bowery in New York City, and on Jackson Street in San Francisco.

The Government moved for judgment on the ground that Lun had failed to establish his right to remain in the United States, and Lun moved for a judgment of discharge. The court entered judgment for Lun's discharge, and the Government has appealed.

8 USCA § 284, reads as follows:

"Any Chinese person or person of Chinese descent arrested under the provisions of this chapter shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States."

The Government made a prima facie case by showing that Lun was a person of Chinese descent; that he was a laundry worker; and that he had been convicted of violation of 21 USCA § 174. Under section 284, supra, the burden was then on Lun to establish that he had a lawful right to remain in the United States. United States v. Ong Deilk (D. C. N. Y.) 47 F.(2d) 909.

The only proof that Lun was born in the United States is his testimony of a declaration to that effect made to him by a person who said he was Lun's uncle, and the only proof that such declarant was Lun's uncle is the declarant's statement. While declarations as to pedigree are recognized as exceptions to the hearsay rule, the only competent declarants, save for an exception not here pertinent, are persons related by blood or affinity to the family whose genealogy is under inquiry. Fulkerson v. Holmes, 117 U. S. 389, 397, 6 S. Ct. 780, 29 L. Ed. 915; United States v. Mid-Continent Petroleum Corp. (C. C. A. 10) 67 F.(2d) 37; Blackburn v. Crawford, 3 Wall. 175, 18 L. Ed. 186; Northern Pac. R. Co. v. King (C. C. A. 9) 181 F. 913; Stein v. Bowman, 13 Pet. 209, 220, 10 L. Ed. 129; Aalholm v. People, 211 N. Y. 406, 105 N. E. 647, L. R. A. 1915D, 215, Ann. Cas. 1915C, 1039.

The relationship of the declarant must be established by evidence other than proof of statements of the declarant himself. Fulkerson v. Holmes, supra; Blackburn v. Crawford, supra; Flora v. Anderson (C. C.) 75 F. 217; Anderson v. Smith, 2 Mackey (13 D. C.) 275; Vantine v. Butler, 240 Mo. 521, 144 S. W. 807, 39 L. R. A. (N. S.) 1177; State v.

309

McDonald, 55 Or. 419, 103 P. 512, 104 P. 967, 106 P. 444; Aalholm v. People, supra.

We conclude that the declaration as to the place of birth of Lun was inadmissible for want of proof that the declarant was related to the family whose genealogy was under inquiry.

It follows that Lun failed to carry the burden of proof and that the judgment of discharge was erroneous.

Reversed and remanded with instructions to enter an order of deportation.